IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DEENA L. ADDIS,                                    08-CV-768-BR

        Plaintiff,                                 OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.


DAVID B. LOWRY
H. PETER EVANS
9900 S.W. Greenburg Road
Columbia Business Center
Suite 235
Portland, OR 97223
(503) 245-6309


        Attorneys for Plaintiff

KAREN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**RICHARD A. MORRIS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

      Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Deena L. Addis seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

      This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

      Plaintiff filed her applications for DIB and SSI on

2 - OPINION AND ORDER

January 28, 2005, alleging a disability onset date of
November 11, 2004.  Tr. 33, 66-71.[1]  The applications were denied
initially and on reconsideration.  Tr. 42, 45, 50, 55.  An
Administrative Law Judge (ALJ) held a hearing on May 16, 2007.
Tr. 481-512.  At the hearing, Plaintiff was represented by an
attorney.  Plaintiff, her husband, and a vocational expert (VE)
testified.

The ALJ issued his decision on August 15, 2007, in which he
found Plaintiff was not disabled.  Tr. 11-22.

The ALJ's decision became the final decision of the
Commissioner on May 27, 2008, when the Appeals Council denied
Plaintiff's request for review.  Tr. 4-6.


## BACKGROUND

Plaintiff was born on June 29, 1958, and was 49 years old at
the time of the hearing.  Tr. 21.  Plaintiff completed high
school.  Tr. 21.  Plaintiff has past relevant work experience as
a warehouse worker, hair dresser, and hotel clerk.  Tr. 20.

Plaintiff alleges disability due to tendinitis, depression,
dermatitis, rhinitis, incontinence, headaches, fibromyalgia, and
gastroesophageal reflux disease (GERD).  Tr. 16.

The ALJ found Plaintiff has the severe impairments of

---

[1] Citations to the official transcript of record filed by
the Commissioner on October 22, 2008, are referred to as "Tr."

3 - OPINION AND ORDER

tendinitis and depression.  Tr. 16.  He found, however, that the

remainder of Plaintiff's alleged conditions are not severe.

Tr. 16.  The ALJ concluded Plaintiff is not disabled on the

ground that she retains the residual functional capacity (RFC) to

perform jobs that exist in significant numbers in the national

economy. Tr. 22.  Accordingly, the ALJ determined Plaintiff is

not entitled to benefits.  Tr. 22.


### STANDARDS

The initial burden of proof rests on the claimant to

establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004

(9th Cir. 2005).  To meet this burden, a claimant must

demonstrate her inability "to engage in any substantial gainful

activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of

developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841

(9th Cir. 2001).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole.

42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.

Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial

4 - OPINION AND ORDER

evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commis-

5 - OPINION AND ORDER

sioner determines the claimant is engaged in substantial gainful
activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052
(9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I),
416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically severe
impairment or combination of impairments. *Stout*, 454 F.3d at
1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity. *Stout*,
454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's RFC.  The claimant's RFC is an assessment
of the sustained, work-related physical and mental activities the
claimant can still do on a regular and continuing basis despite
her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also*
Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing
basis' means 8 hours a day, for 5 days a week, or an equivalent

schedule." SSR 96-8p at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.

7 - OPINION AND ORDER

If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her November 11, 2004, onset date.  Tr. 16.

At Step Two, the ALJ found Plaintiff has the severe impairments of tendinitis and depression.  Tr. 16.  The ALJ concluded the remainder of Plaintiff's alleged conditions are not severe.  Tr. 16.

At Step Three, the ALJ found Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ assessed Plaintiff's RFC and found Plaintiff was limited to performing sedentary work.  Tr. 18.  The ALJ also found Plaintiff was able to lift and/or carry up to 10 pounds, stand or walk 15 minutes at a time for up to two hours in an eight-hour day, and sit 30 minutes at a time with "no overall limits during a fulltime 8-hour workday."  The ALJ found Plaintiff could occasionally push and pull with her upper extremities or engage in work that requires "flexion at the wrist," climbing, balancing, stooping, kneeling, crouching, or crawling.  Tr. 18.  In addition, the ALJ found Plaintiff should not engage in work that involves exposure

8 - OPINION AND ORDER

to hazardous substances or working on uneven surfaces.  Tr. 18.

At Step Four, the ALJ found Plaintiff is not able to perform her past relevant work.  Tr. 20.

At Step Five, the ALJ found Plaintiff is capable of performing jobs that exist in significant numbers in the local and national economies.  Tr. 22.  Accordingly, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 21-22.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly found at Step Two that Plaintiff's impairments of dermatitis, rhinitis, incontinence, headaches, fibromyalgia, and GERD are not severe; (2) improperly rejected Plaintiff's testimony; (3) improperly rejected lay-witness testimony; (4) failed to request Plaintiff's physicians to provide a functional assessment of Plaintiff's abilities; (5) improperly formulated Plaintiff's RFC; and (6) improperly found Plaintiff capable of performing work based on an inadequate hypothetical to the VE.

**I.    The ALJ erred at Step Two.**

Plaintiff asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged disabilities of dermatitis, rhinitis, incontinence, headaches, fibromyalgia, and GERD are severe.

As noted, at Step Two the claimant is not disabled if the

9 - OPINION AND ORDER

Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). Here the ALJ found Plaintiff has the severe impairments of tendinitis and depression.  The ALJ concluded Plaintiff's alleged nonsevere impairments "considered singly or together, have caused only transient and mild symptoms and limitations, or are otherwise not adequately supported by the medical evidence in the record."  Tr. 16.  The ALJ, however, failed to set out any summary of the medical evidence to support his conclusion or to specify the medical records on which he relied in forming his conclusions.

On this record, the Court concludes the ALJ erred when he found Plaintiff's limitations other than tendinitis and depression are nonsevere because the ALJ did not provide legally sufficient reasons supported by the record for doing so.

**II.  The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give specific reasons supported by the record for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment

10 - OPINION AND ORDER

or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ determined Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not fully credible. The ALJ noted Plaintiff's daily activities are "quite involved" and include cooking and washing dishes. Plaintiff is able to use public transportation, grocery shop, and perform other household errands. She also spends time with friends and family. The ALJ also noted Plaintiff received only "conservative and routine treatment" for her complaints, and she had not been hospitalized for "any significant period." Finally, the ALJ pointed out that the record does not contain objective

evidence to support Plaintiff's complaints of chronic body pain.

Based on this record, the Court finds the ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her symptoms because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

**III. The ALJ did not reject the testimony of Michael Addis.**

Plaintiff contends the ALJ erred when he rejected the lay-witness testimony of Plaintiff's husband, Michael Addis.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). Nevertheless, the ALJ may find the nature of a claimant's "close relationship" with a lay witness undermines her credibility when the lay witness is "possibly 'influenced by [his] desire to help'" the claimant. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). *See also Kintner v. Astrue*, No. CV-07-3048-CI, 2008 WL 680201, at *6 (E.D. Wash. Mar. 7, 2008)(lay-witness not "disinterested" or objective due to her close relationship with the claimant).

The ALJ "considered with caution" Michael Addis's testimony that Plaintiff becomes easily disoriented, takes an hour and a half to do simple tasks like dishes due to lack of focus, is constantly in pain, drops things, and can walk only 3-4 blocks at a time. The ALJ noted Michael Addis "has a personal relationship with the claimant and lacks the expertise and possibly the motivation to offer an objective or functional assessment." Nevertheless, the ALJ included in his assessment of Plaintiff's RFC the limitations of only sedentary, simple, routine work.

On this record, the Court concludes the ALJ did not reject the lay-witness testimony of Michael Addis and included in Plaintiff's RFC limitations her inability to stay on task and to exert herself. Accordingly, the ALJ did not err in his evaluation of Michael Addis's testimony.

**IV.    The ALJ did not err when he failed to request Plaintiff's treating physicians provide a functional assessment of Plaintiff's abilities or to order a consultative examination of Plaintiff.**

Plaintiff contends the ALJ erred when he failed to request Plaintiff's treating physicians provide a functional assessment of Plaintiff's abilities or to order a consultative examination of Plaintiff.

"Critical to the fair and effective operation of the system for distributing social security benefits based on disability is the gathering and presentation of medical evidence." *Reed v.*

13 - OPINION AND ORDER

*Massanari*, 270 F.3d 838, 841 (9th Cir. 2001)(citation omitted).
Although the burden to demonstrate a disability lies with the
claimant, "it is equally clear the ALJ has a duty to assist in
developing the record." *Id.* (quotation omitted; citing 20 C.F.R.
§§ 404.1512(d)-(f), 416.912(d)-(f)

     "One of the means available to an ALJ to supplement an
inadequate medical record is to order a consultative examination,
*i.e.*, 'a physical or mental examination or test purchased for [a
claimant] at [the Social Security Administration's] request and
expense.'" *Id.* (quoting 20 C.F.R. §§ 404.1519, 416.919). "[T]he
Commissioner has broad latitude in ordering a consultative
examination." *Id.* at 842 (quotation omitted). Although the
government is not required to bear the expense of an examination
for every claimant, some cases "normally require a consultative
examination," including cases in which "additional evidence
needed is not contained in the records of [the claimant's]
medical sources" and cases involving an "ambiguity or
insufficiency in the evidence [that] must be resolved."
*Id.* (quoting 20 C.F.R. §§ 404.1519a(b)(1),(4), and
416.919a(b)(1),(4)).

     Plaintiff's medical records from the Veterans Administration
(VA) span from June 2004, which is five months before Plaintiff's
alleged onset date, through March 2007, which is two months
before Plaintiff's hearing. In addition, the medical records

14 - OPINION AND ORDER

contain frequent and thorough evaluations by Plaintiff's treating
physicians and other medical sources.  Finally, Plaintiff fails
to set out specifically the manner in which she believes the
record is ambiguous or inadequate.

On this record, the Court concludes the ALJ did not err when
he failed to request Plaintiff's treating physicians provide a
functional assessment of Plaintiff's abilities or to order a
consultative examination of Plaintiff.

**V.    The ALJ erred in his assessment of Plaintiff's RFC and his
hypothetical to the VE was incomplete.**

Plaintiff asserts the ALJ erred when he failed to consider
Plaintiff's alleged impairments of dermatitis, rhinitis,
incontinence, headaches, fibromyalgia, and GERD in assessing
Plaintiff's RFC, and, therefore, his hypothetical to the VE was
incomplete.

The Court already has concluded the ALJ erred when he found
Plaintiff's limitations other than tendinitis and depression are
nonsevere because the ALJ did not provide legally sufficient
reasons supported by the record for doing so.  The Court,
therefore, concludes the ALJ erred in his assessment of
Plaintiff's RFC and, as a result, the ALJ's hypothetical to the
VE was incomplete.

**VI.  Remand for further proceedings.**

Generally the decision whether to remand for further
proceedings or for immediate payment of benefits is within the

15 - OPINION AND ORDER

discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). *See also Smolen*, 80 F.3d at 1292. The Ninth Circuit, however, has established a limited exception to this general rule. *Id.* Under the limited exception, the Court must grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.2.

The Court has determined the ALJ erred when he found Plaintiff's limitations other than tendinitis and depression are nonsevere because the ALJ did not provide legally sufficient reasons supported by the record for doing so. Nevertheless, the administrative record is not sufficiently clear for the Court to determine that Plaintiff is entitled to immediate benefits. In the exercise of its discretion, the Court, therefore, concludes this matter should be remanded for further proceedings. *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000). *See also Reddick*, 157 F.3d at 729.

16 – OPINION AND ORDER

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

With respect to future proceedings in this matter after remand, § 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future application for attorneys' fees under § 406(b) is filed "within a

17 - OPINION AND ORDER

reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from receipt of the Notice of Award by the Commissioner.

IT IS SO ORDERED.

DATED this 26th day of June, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER